UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEVON SHAND,

                    Petitioner,                          **DECISION AND ORDER**

            -vs-                                          No. 02-CV-6007

DAVID L. MILLER,

                    Respondent.

## INTRODUCTION

Petitioner Devon Shand ("Shand") filed this *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1998 conviction following a jury trial in Monroe County Court on two counts of first degree rape, two counts of attempted first degree rape, one count of attempted second degree rape, six counts of first degree sexual abuse, one count of second degree sexual abuse, two counts of first degree sodomy, and four counts of second degree menacing. The parties have consented to disposition of this matter by the undersigned pursuant to 28 U.S.C. § 636(c).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Shand's conviction stems from his sexual abuse and menacing of his two step-daughters, aged ten and eighteen, and the menacing of their mother, with a knife and a bottle at their home in the City of Rochester. By indictment #409/98, Shand was charged with fourteen counts of sex offenses against his ten-year-old step-daughter ("C.I.") and three counts of menacing against C.I.'s mother,  Sonia Reaves ("Reaves"). Indictment #439/98 charged Shand with three counts of sex offenses and one count of menacing against his eighteen-year-old step-daughter ("L.R."). The

-1-

crimes charged in the indictment were alleged to have occurred between January 1997 and April 1998.  The prosecution moved to consolidate the indictments under New York Criminal Procedure Law § 200.20(2)(c) on the basis that "the offenses contained in the indictments [we]re the same or similar in fashion, and the interests of judicial economy and justice warrant consolidation. . . ." N.Y. Crim. Proc. Law § 200.20(2)(c). Monroe County Court (Sirkin, J.) granted the motion to consolidate over defense counsel's opposition.  At Shand's jury trial before Judge Sirkin, eighteen of the twenty-one counts charged in the consolidated indictments were submitted to the jury for consideration. The jury convicted Shand of all eighteen counts.

At the sentencing hearing, Judge Sirkin sentenced Shand to concurrent sentences on all of the counts, the longest of which were the sentences relating to the two convictions on first degree rape. With respect to count three, first degree rape by forcible compulsion, the judge issued a sentence of "maximum of twenty-five [years], minimum of ten [years], to run concurrent with the previous sentences." S.8. On count four, first degree rape with a person less than eleven years-old, the judge issued a different sentence: "maximum, twenty [years], minimum ten [years], concurrent." *Id.*

Shand appealed his conviction to the Appellate Division, Fourth Department, of New York State Supreme Court, alleging the following grounds for relief: (1) the indictments were improperly joined; (2) some of the charges in the indictment were not sufficiently specific; (3) the verdict was against the weight of the evidence; and (4) the sentence was harsh and excessive. The Appellate Division unanimously affirmed Shand's conviction but remanded the matter to the trial court for re-sentencing because there was a discrepancy between the sentencing minutes and the certificate of conviction. As noted above, the sentencing minutes imposed a sentence of ten to

twenty-five years while the certificate of conviction imposed a sentence of ten to twenty years. Presumably, the trial court clarified that Shand's sentence should have been ten to twenty-five years since in his application for leave to appeal to the New York Court of Appeals, counsel argued that the Appellate Division did not have jurisdiction to remand the case for resentencing. The Court of Appeals denied leave to appeal.

This habeas petition followed in which Shand asserts the following arguments: (1) the appellate court did not have jurisdiction to remand the matter for resentencing; (2) the indictments were improperly joined; and (3) court of appeals erred in not allowing petitioner to appeal the remand of his case for resentencing. As grounds one and three are interrelated, they will be discussed together below. All of the issues presented in the habeas petition appear to be fully exhausted and properly before this Court. For the reasons set forth below, the petition is denied.

## DISCUSSION

### Standard of Review

To prevail under 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 1996, a petitioner seeking federal review of his conviction must demonstrate that the state court's adjudication of his federal constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence presented in state court. *See* 28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor*, 529 U.S. 362, 375-76 (2000).

<u>**Merits of the Petition**</u>

**1.      Improper joinder of the indictments**

Under both state and federal law, decisions to sever "are committed to the broad

discretion of the trial court, and will be reversed only upon a showing of  substantial prejudice."

*United Stated States v. Alvarado*, 882 F.2d 645, 655 (2d Cir. 1989), *cert. denied*, 493 U.S. 1071

(1990) (direct review of conviction; holding that denial of severance was not erroneous)

(quotations omitted). Improper joinder does not, in itself, amount to a constitutional violation.

*United States v. Lane*, 474 U.S. 438, 446 n. 8, 106 S. Ct. 725, 88 L. Ed.2d 814 (1986). Rather,

erroneous joinder violates the constitution "only if it results in prejudice so great as to deny a

defendant his Fifth Amendment right to a fair trial." *Id.*; *see also Herring v. Meachum*, 11 F.3d

374, 377 (2d Cir. 1993) (collateral review of habeas petition; holding that denial of severance did

not warrant reversal of conviction) ("Joinder of offenses rises to the level of a constitutional

violation only if it actually render[s] petitioner's state trial fundamentally unfair and hence,

violative of due process.") (quoting *Tribbitt v. Wainwright*, 540 F.2d 840, 841 (5th Cir. 1976),

*cert. denied*, 430 U.S. 910 (1977)).  Joinder "has long been recognized as a constitutionally

acceptable accommodation of the defendant's right to a fair trial."  *Herring*, 11 F.3d at 377

(citing*, e.g., Bruton v. United States*, 391 U.S. 123, 134, 88 S. Ct. 1620, 20 L. Ed.2d 476

 (1968); *Zafiro v. United States*, 506 U.S. 534, 540, 113 S. Ct. 933, 122 L. Ed.2d 317

 (1993)).

Habeas petitioners challenging state court convictions under the general "fairness"

mandate of the due process clause "bear an onerous burden" in light of the "significant

procedural protection provided by direct review through the state system." *Id.* at 378 (citing

*Brecht v. Abrahamson*, 507 U.S. 619, 113 S. Ct. 1710, 1719, 123 L. Ed.2d 353 (1993) (stating

that a presumption of finality and legality attaches to state criminal proceedings); *TXO Prod.*

*Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 113 S. Ct. 2711, 2720 (1993) (plurality

opinion) ("Assuming that fair procedures were followed, a judgment that is a product of that

process is entitled to a strong presumption of validity.")). A habeas petitioner claiming a due

process violation based upon joinder of offenses "must, to succeed, go beyond the potential for

prejudice and prove that *actual* prejudice resulted from the events as they unfolded during the

joint trial." *Herring*, 11 F.3d at 377-78 (quoting *Tribbitt*, 540 F.2d at 841 (joinder must

"actually" render trial fundamentally unfair before habeas relief is appropriate)) (emphasis in

original).

To obtain consolidation pursuant to C.P.L. 200.20(2)(c),[1] a prosecutor in New York must

demonstrate to the satisfaction of the court not only that the offenses charged in the separate

indictments are joinable in accordance with the statutory criteria set forth in C.P.L. § 200.20(2)

but also that combining the indictments for a single trial is an "appropriate exercise of discretion"

under C.P.L. § 200.20(4). *People v. Lane*, 56 N.Y.2d 1, 7, 436 N.E.2d 456, 451 N.Y.S.2d 6

(N.Y. 1982); N.Y. Crim. Proc. Law § 200.20(5) ("A court's determination of an application for

consolidation pursuant to subdivision four [C.P.L. § 200.20(4)] is discretionary.").

The first indictment charged Shand with four counts of sexual abuse in the first degree

(N.Y. Penal Law § 130.65); two counts of rape in the first degree (N.Y. Penal Law § 130.35(1),

---

[1] "Two offenses are 'joinable' when . . . [e]ven though based upon different criminal transactions, and even though not joinable pursuant to paragraph (b), such offenses are defined by the same or similar statutory provisions and consequently are the same or similar in law . . . ." N.Y. Crim. Proc. Law § 200.20(2)(c).

(3)); two counts of attempted rape in the first degree (N.Y. Penal Law §§ 110.00, 130.35); and two counts of sodomy in the first degree (N.Y. Penal Law § 130.50); one count of attempted rape in the second degree (N.Y. Penal Law §§ 110.00, 130.30); and one count of sexual abuse in the second degree (N.Y. Penal Law § 130.60) of the ten-year-old complainant. It also charged Shand with three counts of menacing in the second degree (N.Y. Penal Law § 120.14) of Reaves, the complainant's mother. The second indictment contained two counts of sexual abuse in the first degree (N.Y. Penal Law § 130.65) and one count of menacing in the second degree (N.Y. Penal Law § 120.14) of the eighteen-year-old complainant. The offenses in the two indictments qualified as "joinable" under C.P.L. § 200.20(2)(c): Even though they were based upon different criminal transactions, such offenses were "defined by the same or similar statutory provisions and consequently [were] the same or similar in law[.]" N.Y. Crim. Proc. Law § 200.20(2)(c).

It thus became incumbent upon Shand to show that it was an abuse of discretion to order consolidation of the indictments and that he was entitled to severance under C.P.L. § 200.20(3) which provides that the court, "in the interest of justice and for good cause shown," may "in its discretion, order that any such offenses be tried separately from the other or others thereof." N.Y. Crim. Proc. Law § 200.20(3). "Good cause" includes but is not limited to situations where there is "[s]ubstantially more proof on one or more such joinable offenses than on others and there is a substantial likelihood that the jury would be unable to consider separately the proof as it relates to each offense." N.Y. Crim. Proc. Law § 200.20(3)(a).[2]

---

[2] The other listed "good cause" criterion pertains to situations where the "defendant has both important testimony to give concerning one count and a genuine need to refrain from testifying on the other, which satisfies the court that the risk of prejudice is substantial," and is not applicable in this case. N.Y. Crim. Proc. Law § 200.20(3)(b).

Although "[t]here is indeed always a danger when several crimes are tried together, that the jury may use the evidence cumulatively," the Supreme Court has "explicitly accepted that '[t]his type of prejudicial effect is acknowledged to inhere in criminal practice, but it is justified on the grounds that (1) the jury is expected to follow instructions in limiting this evidence to its proper function, and (2) the convenience of trying different crimes against the same person . . . in the same trial is a valid governmental interest.'" *Herring*, 11 F.3d at 377 (quoting *Spencer v. Texas*, 385 U.S. 554, 562 (1967)); *see also United States v. Carpentier*, 689 F.2d 21, 27 (2d Cir. 1982) ("A certain amount of prejudice to a defendant is regarded as acceptable given the judicial economies that result from joinder."). Here, it appears that the proof of the crimes against Shand was presented separately, and was uncomplicated and easily segregated in the minds of the jurors. The court instructed the jury separately on each count of the indictment, although it did not explicitly instruct the jury to consider the evidence of each incident separately.

Shand's main contention on direct appeal, however, was that due to the egregiousness of the charges, joinder presented the risk that the jurors would use the evidence of the crimes against one victim to make an impermissible "propensity" inference.[3] To be sure, the offenses with which Shand was charged were of an inflammatory nature. However, New York courts have consistently held that in determining whether to consolidate offenses for trial, the fact that "a sex crime is involved is not a sufficient basis for the granting of a severance." *People v. Telford*, 134 A.D.2d 632, 633 (App. Div. 2d Dept. 1987). To the contrary, New York courts routinely allow

---

[3] The Second Circuit in *Herring v. Meachum* left open the question of "[w]hether or not an allegation of spillover corroboration reaches a constitutional level," but noted that the jury's acquittal on the charge petitioner had moved to sever "[went] far toward answering any claim that corroboration on that count improperly motivated the jury's verdict as to the other charges." 11 F.3d at 378. However, *Herring* does not suggest the converse proposition–that in every case where a defendant alleges improper joinder and the jury convicts him on all charges, spillover corroboration occurred and the verdict is the result of a flawed process. *See id.*

joinder of counts alleging sexual offenses against infant complainants. *E.g.*, *People v. Johnson*, 268 A.D.2d 891, 891-92 (App. Div. 3d Dept. 2000) (three counts of second degree sodomy, three counts of second degree sexual abuse, five counts of third degree sexual abuse, three counts of endangering the welfare of a child involving three minor male children properly joined under C.P.L. § 200.20(2)(c)); *People v. Halm*, 180 A.D.2d 841, 842 (App. Div. 3d Dept. 1992) (five counts of sodomy in the third degree and three counts of endangering the welfare of a child involving four minor male children properly joined under C.P.L. § 200.20(2)(c)); *People v. Casiano*, 138 A.D.2d 892, 893 (App. Div. 3d Dept. 1988) (three counts of rape in the first degree, two counts of sexual abuse in the first degree, and one count each of sodomy in the first degree and attempted rape in the first degree involving a thirteen-year old and eighteen-year old properly joined under C.P.L. § 200.20(2)(c).

The Court does not doubt that it would have been more favorable for Shand had the indictments not been joined. However, as the Second Circuit has held, "[s]ubstantial prejudice does not simply mean a better chance of acquittal." *Alvarado*, 882 F.2d at 655 (citation omitted) (stating that defendant seeking reversal of his conviction on basis of improper joinder must establish that a "miscarriage of justice" occurred). *Id. Alvarado* was a case involving the direct review of a conviction; *a fortiori*, the standard for proving the existence of prejudice on collateral review is markedly more stringent than that applicable on direct review of a petitioner's conviction. *Accord Espinal v. Kelly*, No. 98 Civ. 0544, 1998 WL 655551, at *1 (S.D.N.Y. Sept. 24, 1998) (citing *Alejandro v. Scully*, 529 F. Supp. 650, 651 (S.D.N.Y. 1982) ("Habeas corpus review of a state trial court's grant of a consolidation or denial of a severance is even more limited than direct appellate review."). Shand cannot fulfill his burden of proof on the issue of

prejudice given the record before the Court. Habeas relief accordingly is not warranted.

**2.      Improper remand for re-sentencing**

Shand contends that the Appellate Division did not have jurisdiction to remand his case

to the trial court for re-sentencing. On direct appeal, the Appellate Division stated as follows:

> The sentencing minutes indicate that Supreme Court imposed an indeterminate
> sentence of imprisonment of 10 to 25 years upon defendant's conviction of rape in
> the first degree under count three of indictment No. 409/98. The certificate of
> conviction, however, indicates that an indeterminate sentence of 10 to 20 years
> was imposed upon that count. Because of the discrepancy between the sentencing
> minutes and the certificate of conviction, the sentence imposed on count three of
> indictment No. 409/98 must be vacated and the matter remitted to Supreme Court
> for resentencing on that count.

*People v. Shand*, 280 A.D.2d at 944 (citation omitted). Neither defense counsel nor the

prosecution had briefed this issue; the state court considered it *sua sponte*. In his application for

leave to appeal to the Court of Appeals, Shand's appellate counsel argued that the Appellate

Division did not have jurisdiction to do this.

As an initial matter, the Court observes that a habeas petitioner's challenge to the term of

his sentence does not present a cognizable constitutional issue if the sentence falls within the

statutory range.  *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992). Although Shand obviously

would have preferred the sentence of ten to twenty years, which was reflected in the certificate of

conviction, the transcript of the sentencing hearing makes clear that the maximum sentence

imposed was for ten to twenty-five years. That sentence was less than the statutory maximum

that could have been imposed. Thus, this claim presents no federal constitutional question

cognizable on habeas review.

Furthermore, Shand's related claim that the New York Court of Appeals erred in denying

leave to appeal on this issue does not present a separate issue cognizable on habeas review. In any event, I note that the Appellate Division was well within its authority to remand the matter to the trial court to clarify petitioner's sentence. *See*, *e.g.*, *People v. Peale*, 122 A.D.2d 353, 504 N.Y.S.2d 321, 322-23 (App. Div. 2d Dept. 1986) ("Although this [sentencing] error was neither raised before County Court nor addressed in the brief of either party on appeal, this court cannot permit a sentence which is invalid as a matter of law to stand[.]") (citing N.Y. Crim. Proc. Law § 470.15(2)(c)).

## CONCLUSION

For the reasons stated above, Devon Shand's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed.  Because Shand has failed to make a substantial showing of a denial of a constitutional right, I decline to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

**IT IS SO ORDERED**

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:      February 2, 2006
                    Rochester, New York.